## THE STATE v. RILEY.

Criminal law: COMMON AND NOTORIOUS THIEF. Section 4247 of the Revision does not provide for the indictment of common and notorious thieves, as such, but simply provides for their punishment under an ordinary indictment for larceny.

*Appeal from the Dubuque District Court.*

WEDNESDAY, APRIL 27.

DEFENDANT was indicted for larceny, and charged with being a common and notorious thief. A demurrer to the indictment was sustained. The State appeals.

*H. O'Connor*, Attorney-General, for the State.

No appearance for the defendant.

BECK, J. — The indictment charges defendant with larceny of property of the value of $2.50; and, that he had been twice convicted before by a magistrate upon two separate charges of larceny, one conviction being two days before, and the other thirteen days after, the commission of the offense for which he was indicted, and that he is a common and notorious thief. The demurrer raised the question of jurisdiction of the District Court over the offense charged. Other questions raised by the demurrer need not be noticed.

The indictment was found under Revision, section 4247, which is in these words : " If any person, having been before convicted of larceny, afterward commit another larceny, and be thereof convicted; or if any person at the same term of court is convicted as principal or accessory after the fact of three distinct larcenies, he is deemed a common and notorious thief, and shall be punished by

imprisonment in the penitentiary for not less than five years."

This section contemplates that the punishment prescribed shall be inflicted when it appears upon the trial, under an indictment for larceny, that the accused is a common and notorious thief, and prescribes what evidence shall be sufficient to establish that character. The provision does not define a distinct crime, and, consequently, does not contemplate that an indictment shall charge the accused with having been convicted of the offenses as therein specified, and of being, therefore, a common and notorious thief. In other words, it does not provide for the indictment of common and notorious thieves, as such, but provides for their punishment upon proper indictments for larceny.

Affirmed.